**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
(Greenbelt Division)

In re:

VERNON C. THOMAS,

Debtor.

Case No. 24-1-2856-LSS
Chapter 13

**TRUSTEE'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN FILED APRIL 21, 2024**

Timothy P. Branigan, Chapter 13 trustee in the above-captioned case ("Trustee"), pursuant to section 1325 of the Bankruptcy Code and Bankruptcy Rule 3015(f) objects to confirmation of the Debtor's Chapter 13 plan filed April 21, 2024 (the "Plan"). In support of his opposition, the Trustee respectfully represents the following:

1. The Debtor commenced this case under Chapter 13 on April 5, 2024. The Plan proposes to pay $850.00 monthly for months 1 through 12, and $2,455.00 monthly for months 13 through 60 for a gross funding of $128,040.00.

2. The Debtor has failed to make the payments proposed under the Plan. At this time, two payments are due in the total amount of $1,700.00. The Trustee has received $0.00. Accordingly, the Debtor has not demonstrated that the Plan is feasible, and the Plan does not satisfy the requirement of section 1325(a)(6) of the Bankruptcy Code.

3. The Debtor has non-exempt equity of at least $507,230.00 in real property. The Plan does not satisfy the requirements of section 1325(a)(4) of the Bankruptcy Code.

4. The Debtor has not adequately proved ownership and the market value of scheduled real property. The Plan does not satisfy the requirements of section 1325(a)(4) of the Bankruptcy Code.

5. The Debtor has not provided and/or filed all applicable federal, state, and local tax returns as required by section 1308. Accordingly, the Debtor has not satisfied the requirements of section 1325(a)(9) of the Bankruptcy Code.

6. The Debtor's Schedule J reflects insufficient net monthly income to support the proposed Plan payments. The Debtor has not demonstrated that the Plan is feasible. The Plan does not satisfy the requirements of section 1325(a)(6) of the Bankruptcy Code.

7. The Plan must be amended to pay Ally Bank arrears.

8. Accordingly, the Plan should not be confirmed.

**PLEASE TAKE NOTICE** THAT *THIS OBJECTION MUST BE RESOLVED AT LEAST 2 BUSINESS DAYS PRIOR TO THE CONFIRMATION HEARING*. AFTER THAT TIME, THE TRUSTEE MAY DECLINE TO ACCEPT MATERIALS THAT HE HAS REQUESTED FROM THE DEBTORS. THE TRUSTEE MAY DECLINE TO DISCUSS THE CASE AT THE CONFIRMATION HEARING. THE DEBTORS SHOULD EXPECT THAT ANY UNRESOLVED OBJECTION WILL BE HEARD BY THE COURT.

Respectfully submitted,

June 3, 2024

/s/ Timothy P. Branigan

Timothy P. Branigan (Fed. Bar No. 06295)
Chapter 13 Trustee
9891 Broken Land Parkway, #301
Columbia, Maryland 21046
(410) 290-9120

**Certificate of Service**

I hereby certify that the following persons are to be served electronically via the CM/ECF system:

William A. Grafton, Esq.

I caused a copy of the pleading above to be sent on June 3, 2024 by first-class U.S. mail, postage prepaid to:

Vernon C. Thomas
800 Ashton Rd
Ashton, MD 20861

/s/ Timothy P. Branigan
Timothy P. Branigan (Fed. Bar No. 06295)